IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No.   JKB-19-36 |
| RICHARD GRIER | * | |
| | * | |

******

**MEMORANDUM ORDER**

Currently pending is the United States of America's Motion for Transcript requesting that the Court permit access to an attorney inquiry hearing conducted on December 19, 2022, and production of a transcript of the hearing. ECF 1136. The motion is not opposed. For reasons stated herein and in the government's motion, the motion is GRANTED.

On November 22, 2022, this matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and Local Rule 301 to conduct an attorney inquiry hearing. ECF 1013. While represented by court-appointed counsel, defendant Richard Grier had filed *pro se* a document with the Court stating that he "d[id] not wish to have the assistance of counsel" and "d[id] not require the service of the public defender and/or appointed counsel." ECF 1009. The undersigned conducted the attorney inquiry hearing on December 19, 2022, as well as an initial appearance and arraignment on the Fourth Superseding Indictment. The attorney inquiry hearing was conducted on a sealed record and *ex parte* with Mr. Grier and his then-appointed counsel without objection from the government. During a colloquy pursuant to *Faretta v. California*, 422 U.S. 806 (1975), conducted on the public record, Mr. Grier waived his right to counsel and requested leave to proceed *pro se*, which was granted. Mr. Grier subsequently filed a Motion to Receive Discovery Files. ECF 1057.

On January 6, 2023, the undersigned conducted a *Lafler* hearing in this matter, assigned stand-by counsel, and denied Mr. Grier's discovery motion. On the same date, Mr. Grier entered a plea of guilty to one count of the Fourth Superseding Indictment before Judge Bredar and was sentenced.

Within days of entry of judgment in this matter, Mr. Grier filed two letters requesting transcripts of the proceedings on December 19, 2022, and January 6, 2023. ECF 1072; ECF 1073. One of the letters indicated a need for the transcripts to prepare an appeal. ECF 1073. Mr. Grier filed a notice of appeal on January 13, 2023. ECF 1078. The matter was assigned appeal number 23-4027 in the U.S. Court of Appeals for the Fourth Circuit and remains pending. The appeal concerns, in part, matters that occurred during the hearing on December 19, 2022. In at least one public filing with the Court of Appeals, Mr. Grier recounts statements he made in court during both sealed and public portions of the attorney inquiry hearing, with citation to a transcript of the hearing. *United States v. Grier*, Appeal No. 23-4027, Doc. 10 at 10–17 (4th Cir. Feb. 15, 2023). No transcript is attached to the brief, however, *see id.* at 50, and it does not appear that a transcript of the December 19, 2022, hearing was ever produced.

In its Motion for Transcript, the government now requests production of a transcript of the December 19, 2022, hearing and disclosure of the transcript to both parties. Mr. Grier's then-appointed counsel takes no position on the motion, and Mr. Grier has not filed an opposition.

Judge Timothy J. Sullivan has concisely explained the nature of attorney inquiry hearings and the importance of confidentiality in such proceedings:

> Attorney inquiry hearings in this district are designed to address a wide variety of problems that can arise between criminal defendants and their counsel. A great majority of these problems can only be addressed by the Court if the parties involved are invited to speak openly and with candor to the Court. This openness would be frustrated if counsel for the Government were permitted to attend

the hearings, because the defendant would have to choose between openly explaining his problem with his attorney (in which case the Government may catch a glimpse of his defense strategy and takes steps to frustrate it) and explaining his problem in very general terms (leaving the presiding judge to guess at the nature of the problem and its solution).

*United States v. Byrd*, Crim. No. RDB-14-0186, 2015 WL 221769, at *2 (D. Md. Jan. 13, 2015).

However, reasons for denying the government access to the attorney inquiry hearing in this case are no longer present. In the appeal, Mr. Grier has publicly disclosed the substance of statements he made during the *ex parte* portion of the hearing, and it appears that he intended to file and rely upon a copy of a transcript of the hearing in the appeal, although the transcript itself is missing. In this way, Mr. Grier has implicitly disclaimed any expectation of confidentiality he had in the attorney inquiry hearing. Moreover, the government has shown a need for a transcript of the hearing to respond to matters raised by Mr. Grier on appeal.

For the foregoing reasons and others explained in the Motion for Transcript, the motion is GRANTED.[1] The government may order a transcript of the hearing conducted on December 19, 2022. The Clerk is directed to send a copy of this Order and a copy of the transcript, when it is produced, to counsel for the government and to the *pro se* defendant, Richard Grier.

| April 20, 2023 | /S/ |
|---|---|
| Date | Matthew J. Maddox |
| | United States Magistrate Judge |

---

[1] Although an appeal of the judgment entered in this matter is pending with the Court of Appeals, this Court may retain jurisdiction of ministerial matters in aid of the appellate process. *See Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (stating the "general rule" that filing of a notice of appeal divests the district court of jurisdiction and transfers it to the appellate court but noting "limited exceptions . . . that permit district courts to take subsequent action on matters that are collateral to the appeal . . . or to take action that aids the appellate process") (citations omitted); *Grand Jury Proc. Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991) ("[A] district court does not lose jurisdiction to proceed as to matters in aid of the appeal."); *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) ("The district court only retains jurisdiction over tangential matters such as . . . performing 'certain ministerial functions in aid of the appeal, such as correcting clerical mistakes in the record, approving appeal bonds, and issuing stays or injunctions pending the appeal.'") (citaton omitted).