**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **CRIM. NO.  JKB-19-0036** |
| **RICHARD GRIER,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Richard Grier's "Petition for Post-Conviction." (ECF No. 1677.) Defendant asks the Court to vacate his sentence based on his contention that his guilty plea was "null and void." (*Id.* at 2, 4.) Accordingly, the Court construes Defendant's filing as a motion to vacate brought pursuant to 28 U.S.C. § 2255.

However, Defendant previously filed a motion to vacate his sentence under § 2255 in March 2025. (ECF No. 1570.) The Court denied that motion in August 2025. (ECF No. 1622.) To file a second motion to vacate under § 2255 in this Court, Defendant must first receive authorization from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. §§ 2244(b), 2255(h). Defendant has not received authorization from the Fourth Circuit to file the instant motion in this Court. Thus, this Court lacks jurisdiction to decide the matter. *United States v. Shrader*, No. 24-6747, 2026 WL 1470495, at *2 (4th Cir. May 26, 2026); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). However, the Court will provide Defendant with a packet of instructions which he must follow if he wishes to seek authorization from the Fourth Circuit to file another motion to vacate under § 2255 in this Court.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the Court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted). Defendant does not satisfy the above standards. Accordingly, a certificate of appealability will not issue.

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant's "Petition for Post-Conviction" (ECF No. 1677) is DISMISSED;

2. A certificate of appealability SHALL NOT ISSUE; and

3. The Clerk SHALL PROVIDE a copy of this Memorandum and Order and a copy of the instructions and form packet for filing a motion under 28 U.S.C. § 2244 (authorization of District Court to consider second or successive application for relief) to Defendant.

Dated this ___ day of June, 2026.

BY THE COURT:

James K. Bredar
United States District Judge